■ JAMES WOLFGEORGE, Respondent, v WILLIAM AMBRISTER, Jr., et al., Appellants, et al., Defendant. [889 NYS2d 135]—

Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered January 6, 2009, which, insofar as appealed from in this action for personal injuries allegedly sustained when plaintiff was attacked by defendants-appellants' employees, denied appellants' motion to dismiss the complaint and for costs and disbursements pursuant to CPLR 8303-a and 22 NYCRR 130-1.1, unanimously affirmed, without costs.

In their motion, appellants asserted that plaintiff had released all claims against them in exchange for the payment of $1,500 and submitted the general release. In opposition, plaintiff submitted an affidavit in which he stated that he never signed any document giving up his legal rights with respect to the alleged assault, never received any money in consideration for allegedly giving up those rights and that the signature on the purported general release did not belong to him. Plaintiff also submitted a notarized document signed by him in connection with a request for medical records, and the signature on this document was unlike the signature on the purported release,

but resembled the signature on plaintiff's affidavit submitted in opposition to the motion. We also note that there is no independent proof that $1,500 was actually paid.

Under the circumstances, the court properly denied appellants' motion as they failed to conclusively resolve all factual issues concerning whether the signature on the release was plaintiff's. Furthermore, we see no basis for an award of sanctions in view of the uncertainty concerning the authenticity of the release (see e.g. McGill v Parker, 179 AD2d 98, 111-112 [1992]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.